GENOVESE, J.,
dissenting.
IN disagree with the majority opinion in this matter. I would affirm the trial court judgment dismissing the State’s petition to terminate the parental rights of the mother on the grounds of insufficient proof.
In this case, the majority “renders judgment terminating the parental rights of the mother, M.J.A.” This is a “fact-intensive” case. The undisputed facts and record reveal that the mother is mentally impaired, married to a cocaine-addicted husband, and trying to rear her three biracial children in a less than wholesome environment. The mother has limited mental capacity, limited resources, limited education, and is entirely dependent upon her drug-addicted husband for support.
The trial court found M.J.A. could be a mother to her children and that her parental rights should not be terminated at this time. The majority states that the mother has had her chance and has failed; therefore, her rights are to be terminated.
Unquestionably, this is a manifest error case and the State must prove by dear and convincing evidence that termination of parental rights is warranted. The trial court ruled that the State failed to prove its case. I agree. At the very least, there was no manifest error. The record indicates that the trial judge had handled this case for over four years. He, not the majority, had the opportunity to view the demeanor and judge the credibility of not only the mother but of all witnesses. The majority read the book, i.e., a “cold record.” The trial court judge saw the play. The law does not |2permit an appellate court to substitute its judgment for that of the trial court. Though this case may be viewed differently, there was no manifest error and the trial court was not clearly wrong. In my view, the trial court was in the best position to make this demeanor and credibility call.
Terminating parental rights is the most draconic remedy there is in a civil proceeding. It is tantamount to civil death. There is a viable alternative available which should be considered before implementing the ultimate civil sanction. That alternative would be to continue the children in foster care with State supervision and to allow the mother supervised visitation while she is given a six-month, plan-compliance period to cure the defects. If she were to fail, then her parental rights would be terminated. The trial court felt that with appropriate counseling and supervision by the State, a change of environment, and a little time, M.J.A. could be a viable mother to her children. The mother should be given that one last opportunity before this family unit is permanently dissolved.
For the reasons set forth above, I disagree with the majority’s decision to reverse the trial court and terminate the mother’s parental rights. I would affirm the trial court’s judgment in all respects.